959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Paul JOHNSON, Defendant-Appellant.
 No. 91-30053.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1992.*
Decided April 9, 1992.
 
 Before JAMES R. BROWNING, EUGENE A. WRIGHT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Paul Johnson appeals his conviction for possessing a firearm in violation of 18 U.S.C. § 922(g)(1) (ex-felon in possession of a firearm). Johnson argues the district court erred in denying his motion to suppress evidence obtained in searches on September 13, 1989 and August 9, 1990.
 
 
 3
 * We need not decide whether the September 13, 1989 search of the duplex was conducted in violation of the Fourth Amendment. The evidence seized in the 1989 search was relevant only to Counts II and III of the indictment, gun-possession charges on which the jury acquitted Johnson.[1] Count IV of the indictment, the one count on which Johnson was convicted, was based solely on possession of a handgun seized during the 1990 search of Johnson's residence.
 
 
 4
 Johnson does not argue on appeal that admission of the evidence seized in the 1989 search was prejudicial to his defense on Count IV. Johnson moved for a new trial on the ground that joinder of Counts II and III had prejudiced his defense on Count IV. The district court denied the motion, stating there was no such prejudice, and Johnson has not appealed the denial.
 
 
 5
 We reject Johnson's argument that the legality of the 1989 search is relevant to the legality of the 1990 search of Johnson's residence incident to his arrest. An indictment is not invalid because the grand jury that issued the indictment considered evidence obtained in violation of the Fourth Amendment. See United States v. Calandra, 414 U.S. 338 (1974) (exclusionary rule does not apply to grand jury proceedings). Since the indictment was valid, and the arrest warrant was based on the indictment, the arrest warrant was valid.
 
 II
 
 6
 Johnson argues that even if the arrest warrant was valid, the officers were not justified in conducting a "protective sweep" of his residence incident to the arrest. He also argues that even if a sweep was justified, the August 9, 1990 search exceeded the permissible scope of such a sweep. Because the district court did not make factual findings on the record, we are unable to review its decision.
 
 
 7
 Rule 12(e) of the Federal Rules of Criminal Procedure, which applies to motions to suppress, requires that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." It is inappropriate for an appellate court reviewing an order denying a motion to suppress to attempt to resolve disputed factual questions or to search the record for support for the government's position as a prevailing party. United States v. Prieto-Villa, 910 F.2d 601, 606-10 (9th Cir.1990) (remanding for factual findings); United States v. Carbajal, No. 89-50507, slip op. 1547, 1562-63 (9th Cir. Feb. 14, 1992) (same).
 
 
 8
 The record contains no findings by the district court on the legality of the 1990 search. The district court apparently informed the parties of the 1990 search. The district court apparently informed the parties by telephone that the motion to suppress had been denied but did not follow up with a written order. See C.R. 105 at 2. Fed.R.Crim.P. 12(g) provides: "A verbatim record shall be made of all proceedings at the hearing, including such findings of fact and conclusions of law as are made orally." Thus, a judge "may find and rule orally from the bench, so long as a verbatim record is taken. " Fed.R.Crim.P. 12 advisory committee's notes to 1974 amendment (emphasis added) (quoted in Prieto-Villa, 910 F.2d at 606).[2]
 
 
 9
 To justify a "protective sweep" of a residence, "there must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." Maryland v. Buie, 494 U.S. 325, 334 (1990). This is the same "reasonable suspicion" standard articulated in Terry v. Ohio, 392 U.S. 1 (1968), and Michigan v. Long, 463 U.S. 1032 (1983). Maryland v. Buie, 494 U.S. at 334. Johnson contends the officers lacked reasonable suspicion to sweep the house, pointing to testimony at the suppression hearing that Johnson was standing outside on the porch when peaceably arrested and that officers had decided to sweep the house before arriving at the scene. Officers testified, however, that before arriving at the scene they believed persons were inside the house and feared such persons posed a danger to their safety.[3]
 
 
 10
 The "protective sweep" permitted by Maryland v. Buie "is a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others. It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." Id. at 327. Johnson contends the search of his residence exceeded the proper scope of a protective sweep. He points to testimony at the suppression hearing that the seized handgun was not in plain view, but rather was hidden under several hats. There was contrary testimony at the hearing that the handgun was in plain view on the headboard of a bed.
 
 
 11
 Johnson raised these arguments in his motion to suppress. As we have said, findings of fact are required to determine the legality of the "protective sweep," and we cannot search the record to make such findings on appeal. Prieto-Villa, 910 F.2d at 607; Carbajal, slip op. at 1562-63. We vacate the denial of the motion to suppress the evidence seized during the August 9, 1990 search and remand with instructions that the district court make the essential factual findings on the record. "In making such findings, the district court may, if appropriate, reconsider its ruling." Prieto-Villa, 910 F.2d at 610; see also Carbajal, slip op. at 1563.
 
 
 12
 VACATED AND REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Count I of the four-count indictment was dropped before trial
 
 
 [2]
 The government is incorrect in stating the motion to suppress was denied on November 13, 1990, and in citing to "CR 41a." Appellee's Brief at 1. The order to which the government cites is the denial of a motion to dismiss on grounds of pre-indictment delay, not a denial of the motion to suppress. At the conclusion of the November 13, 1990 suppression hearing, the district court did not issue a decision, but allowed the parties to submit additional written briefs. Transcript on Appeal, Vol. I at 101. We are unable to locate any entry in the record or any statement in the transcripts denying the motion to suppress
 
 
 [3]
 Johnson's arrest on the porch would not preclude a protective sweep of the interior of the house if the officers had a reasonable suspicion persons inside posed a threat to their safety. See United States v. Hoyos, 892 F.2d 1387, 1397 (9th Cir.1989)